IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY F. DURDEN,

        Plaintiff,                  No.  CIV S-11-2866 GGH P

   vs.

U.S.D.A. REGION #5, et al.,

        Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  This case is before the undersigned pursuant to plaintiff's consent.  Doc. 5.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will not be assessed an initial filing fee.  Plaintiff is also obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds

1

1  $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).  The court is required to screen
2  complaints brought by prisoners seeking relief against a governmental entity or officer or
3  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint
4  or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that
5  fail to state a claim upon which relief may be granted, or that seek monetary relief from a
6  defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13  Cir. 1989); Franklin, 745 F.2d at 1227.

14  A complaint must contain more than a "formulaic recitation of the elements of a
15  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
16  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
17  "The pleading must contain something more...than...a statement of facts that merely creates a
18  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
19  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient
20  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
21  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
22  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
23  the court to draw the reasonable inference that the defendant is liable for the misconduct
24  alleged."  Id.

25  In reviewing a complaint under this standard, the court must accept as true the
26  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
2  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
3  1843 (1969).
4       Plaintiff's complaint is vague, rambling and incoherent.  It seems to involve a
5  wild fire, a murder, methamphetamine, toxic tort liability and other events that allegedly occurred
6  near Lake Tahoe, CA and perhaps Oklahoma around 1994.  Ultimately, the undersigned does not
7  understand the relief plaintiff seeks.
8       On the face of it, plaintiff has violated Rule 8(a)(2) of the Federal Rules of Civil
9  Procedure, which requires "a short and plain statement of the claim showing that the pleader is
10 entitled to relief...."  Rule 8 requires "sufficient allegations to put defendants fairly on notice of
11 the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord
12 Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with
13 vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.).
14      Plaintiff's complaint is dismissed but plaintiff will be granted 28 days to file an
15 amended complaint.  Failure to file an amended complaint will result in this action being
16 dismissed.  No more amendments will be provided.
17      The Civil Rights Act under which this action was filed provides as follows:
18
19      Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
20      deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
21      law, suit in equity, or other proper proceeding for redress.

22 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
23 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
24 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
26 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

3

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

1  alleged.

2              In accordance with the above, IT IS HEREBY ORDERED that:

3              1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4              2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5  Plaintiff will not be assessed an initial filing fee.  The fee shall be collected and paid in

6  accordance with this court's order to the Director of the California Department of Corrections

7  and Rehabilitation filed concurrently herewith.

8              3.  The complaint is dismissed for the reasons discussed above, with leave to file

9  an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

10  file an amended complaint will result in this action being dismissed.  No further amendments

11  will be allowed.

12  DATED:  December 19, 2011

13                                   /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

14  GGH: AB
    durd2866.b

5