IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY F. DURDEN,

      Plaintiff,                    No. CIV S-11-2866 GGH P

  vs.

U.S.D.A. REGION #5, et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis and apparently seeks relief pursuant to 42 U.S.C. § 1983. The original complaint was dismissed and plaintiff has filed an amended complaint. This case is before the undersigned pursuant to plaintiff's consent. Doc. 5.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a
9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17 the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged."  Id.

19    In reviewing a complaint under this standard, the court must accept as true the
20 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23 1843 (1969).

24    Plaintiff's amended complaint is vague, rambling and incoherent.  Plaintiff
25 describes an overgrowth of trees in the Lake Tahoe area and a wildfire that occurred as a result.
26 However, the court does not understand the relief plaintiff seeks.  Plaintiff has also filed a motion

to compel to the FBI, that is equally incomprehensible and seems to relate to his conviction.

On the face of it, plaintiff has violated Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8).

Plaintiff's original complaint was dismissed but the instant amended complaint is equally as vague and rambling. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003). It is clear that further amendment would be futile for the reasons discussed above. Therefore, the court will dismiss this action with prejudice for plaintiff's failure to state a claim upon which relief may be granted.

\\\\\

\\\\\

\\\\\

1  In accordance with the above, IT IS HEREBY ORDERED that:

2  1. The amended complaint is dismissed with prejudice for failure to state a claim

3  upon which relief may be granted and this case is closed;

4  2. Plaintiff's motion to compel is vacated.

5  DATED: January 20, 2012

6         /s/ Gregory G. Hollows
         UNITED STATES MAGISTRATE JUDGE

7  GGH: AB
   durd2866.b2